MARIO TANZI & BROS., Inc., et al. v. TANZI.

SAME v. WILLIAMSBURG MACARONI MFG. CO., Inc.

Nos. 5597, 5613.

District Court, E. D. New York.

June 28, 1932.

Samuel Sprung, of New York City (Ezekiel Wolf, of Boston, Mass., of counsel), for plaintiffs.

Leonard E. Ruisi, of Brooklyn, N. Y. (Ralph E. Slayton, of New York City, of counsel), for defendants.

INCH, District Judge.

These two patent suits were duly tried together. In the first suit, plaintiffs, the owners of the patent in question, sued the inventor, who has apparently associated himself with the corporation defendant in the second suit.

The defense interposed by the defendant inventor is that there has been no infringement. The defenses of the corporation are that the patent is invalid and that there has been no infringement.

The trial was somewhat informal as shown by the record.

The patent in question is United States patent No 1,506,869. It appears as Plaintiffs' Exhibit 2 and Defendant's Exhibit J. This patent was applied for by defendant Guido Tanzi on June 30, 1922, and was granted September 2, 1924.

Tanzi testified that he had spent twelve years working on his conception. He applied for a patent on his discovery, stating that he had "invented certain new and useful improvements in macaroni dies." That this device was a die "especially designed" and intended for producing "fusillo" maca-roni (Lines 5–10, page 1, of patent). He also states that this form of macaroni had been previously produced by rolling or curling it upon a stick and then the stick upon a dough board.

An examination of the prior art patents offered by defendants does in fact indicate an absence of any similar die, the nearest, it seems to me, being that of Kleinschmidt, United States patent No. 698,119, April 22, 1902; but this Kleinschmidt patent is nothing more or less than a substitution by a machine for the method mentioned by Tanzi. There are five claims in the patent, but at the trial plaintiffs relied on but three. These are 1, 2, and 5, as follows:

"1. Means for producing spiral macaroni, which consists of a die having a compound opening, a pin arranged therein and means for guiding the product upon its discharge.

"2. Means for producing spiral macaroni, which consists of a die having a compound opening, said die being provided with a crescent shaped recess for guiding said macaroni."

"5. A die for producing spiral macaroni having a die plate, a plurality of inserts therein, each said insert being provided with an obliquely disposed perforation in the inner wall thereof and a pin in each said perforation, the outer and inner walls of said die plate being extended upward at an angle to direct material through said perforations."

So far as I can see, therefore, up to the time of this invention of Tanzi's, there was no die for producing this form of macaroni, and in this sense, therefore, Tanzi could be said to have been the first to produce his die and is entitled to whatever advantage this may bring.

Questions arising from claims of invention in forms of new dies have constantly met with difficulty. Butler v. Steckel, 137 U. S. 21, 11 S. Ct. 25, 34 L. Ed. 582.

The shaping of a die so as to produce a given product has been held to be in the field of mechanics rather than of invention. Anderson, etc., v. Hanky, etc. (C. C. A.) 40 F.(2d) 196–198.

However, there is more here than the mere cutting out of a product by a die and, while the shaping of the product is the ultimate goal sought, so far as the prior art is considered, certain other elements were necessary which the ordinary skilled mechanic apparently had failed to grasp and which

were discovered, in the inventive sense of that word, by Tanzi.

I am unable to agree, however, that this invention was such a step as to make it a pioneer.

Tanzi asserts that he discovered a die for making spiral tubes of macaroni, "the spiral resulting entirely from a compound discharge aperture and the crescent shaped recess which directs the material and guides it as it leaves the forming die" (Lines 32–36, page 2, of patent).

The use therefore of this unequal pressure and the crescent shaped recess are the two means supposed to have been discovered by Tanzi.

There are two pins in plaintiffs' patent, one the solid pin 22 at the entrance and one the hollow pin 17. In plaintiffs' patent the inventor contemplated feeding the dough not only through the center of the hollow pin and out through the opening in its side, but at the same time feeding the dough through the openings provided outside of the hollow pin with a common exit which has in its center the solid pin which makes a tubular form of macaroni instead of a solid spiral.

These several passages provided in plaintiffs' patent are the compound openings. Thus if Tanzi forced no macaroni through the hollow pin but only down through the outside openings, the result would not be a spiral. By forcing the dough through these compound openings the larger amount of macaroni goes through the hollow pin and out through the opening in its side with a common exit, and the macaroni is thus coiled as it so emerges. This is what is meant when the inventor refers to a "compound discharge aperture."

In other words, the excess flow of macaroni on the inside of the hollow pin, combining with the macaroni coming down on the outside and together issuing from the only exit provided, results in a spiral form of macaroni due to some of the macaroni having been pushed through this opening in the hollow pin.

This opening inside of the pin is located at one side, not at the lower end of the die plug. The influence of having this opening so placed rather than at its bottom results in a spiral. Were it placed otherwise a result not wanted would be obtained.

So far as the formation of a tube is concerned this is made by the solid pin 22. The effect of this pin is not new in the art.

Thus we find claims 1 and 2 of the pat-

ent should be properly limited to a die having a compound opening with means for guiding the product so as to produce this spiral tube.

Claim 5 of the patent relates to something somewhat different. This includes a claim for a plurality in the die plate and to a certain construction of the wall of the die plate and of the insert.

Plaintiffs' expert claims that in order to produce the spiral you must have the compound opening.

In defendant's device the die plug is mounted perpendicularly in the die plate, the bottom of the die plug being flush with the plate and there is no such compound opening. Nor is there present any such crescent shaped recess as there is in plaintiffs' patent.

In defendant's device the dough is fed into it from one source and flows around the solid pin, the result being that one side moves faster than the other, thus resulting in an impulse to coil, and the spiral comes out without engaging any part of the die plate.

As to claim 5 of the patent, it is sufficient to say that defendant's die plug is mounted differently in the die plate and being perpendicular needs and has no compressing means. This claim 5 refers to a plurality of inserts, each of which is absent in defendant's construction. Defendant does not use an insert, nor does he have obliquely disposed perforation in the insert.

The construction of defendant's device therefore does not infringe claim 5 of the patent, for the reason that there is not present the annular trough, the supplemental insert, and the obliquely disposed perforation in the insert.

What was new in Tanzi's patent was a die having a compound opening with a particular shaped hollow pin with a hole in its side and means in the form of a crescent shaped recess guiding said macaroni upon its discharge the result being a spiral tube of macaroni. A reference to defendant's alleged infringing device shows no such compound opening.

In plaintiffs' patent the idea is that the macaroni passes down through the compound opening one leading outside the pin and the other through the center of the pin with less obstruction on one side than the other. In defendant's device the macaroni does not flow on both sides of the pin.

Both defendants deny infringement, and

the corporate defendant denies that the patent is valid.

The inventor having assigned his patent to plaintiff is estopped from denying the validity of the patent, but this apparently does not apply to his denial of infringement. Noonan v. Chester, etc. (C. C. A.) 99 F. 90. Westinghouse, etc., v. Formica, etc., 266 U. S. 342, 45 S. Ct. 117, 69 L. Ed. 316.

Defendant does not infringe for the reason that it does not use the crescent shaped recess for guiding said macaroni or means for guiding the product upon its discharge and has no compound opening as considered essential in claims 1 and 2 of the patent.

It does not infringe claim 5 because some of the elements already referred to and deemed essential in said claim by the inventor are not found in defendant's construction.

In view of the above it is unnecessary to decide the question of validity. Obstruction to a passage of material through a tube so that one side passes down faster than the other would not seem to be new in the art, but as, I have said, Tanzi combined certain other elements to accomplish his result, and there is no reason, at the present time, to declare invalid the patent granted him for his combination.

Complaint dismissed for lack of infringement.